DOUCET, Judge.
This suit was instituted by Seth Crawford as a forced heir of his deceased mother, Zillah S. Crawford, to set aside a deed transferring all of her real estate in Cata-houla Parish to her son, Robert E. Crawford.
Zillah Crawford was married to W.S. Crawford, Sr., who passed away in 1964. The couple had five children of the marriage, namely: Seth Crawford, Robert Crawford, Jack Crawford, Hazel Dean Crawford Netherland, and Myra Ruth Crawford Moreau. Jack and Robert are deceased. Seth, Hazel and Myra are still living. Defendant, Judy Moreau Fitzgerald, is the daughter of Myra Crawford Mor-eau and niece of the late Robert E. Crawford.
Plaintiff’s father, W.S. Crawford, Sr., had children by a previous marriage but, according to the terms of the deed under which Zillah Crawford purchased the property in 1924, the land in question was her separate property.
Plaintiff filed suit alleging that the transfer from his mother to his brother was a simulation for which no consideration was ever given and that the purported sale, therefore, should be declared a nullity. Plaintiff, in his petition, prayed that the property be declared part of his mother’s succession and that defendant, Fitzgerald, account for the revenues that she received from the property. Zillah Crawford possessed no other property at her death and her estate was never opened.
The district court ruled that the purported sale was null as a simulation and that the property formed part of the succession of Zillah Crawford; moreover, the district court found that defendant must account to the succession for the revenues received by her from the property. It is from this judgment that defendant appeals.
The sole issue on appeal is whether defendant’s ancestor in title paid any consideration for the property transferred to him by his mother. After a careful review of the record, we find that the answer to this inquiry is in the negative.
The facts show that Zillah Crawford and her son, Robert, lived together on the property in question for an extended period of time before August 10, 1967, when the transfer under attack was executed, and continued to live together until a few days before Mrs. Zillah Crawford’s death in August of 1972. Robert Crawford also lived on the property with his mother for most of his adult life as he had been discharged from the service in 1950 with a 100% disability. Robert never married or held regular employment and periodically required institutional care for emotional problems.
Plaintiff testified that the recited consideration in the 1967 deed of $3,937.50 was never paid. Plaintiff explained that in January of 1973, he took his brother to be admitted to the Central Louisiana Hospital in Pineville, Louisiana. At this time, Robert turned over his personal possessions to Seth including a wallet and other items. The wallet contained a check that had supposedly been given to Zillah Crawford in payment of the land. The check was dated August 10,1967 (the exact date of the deed in question) in the exact amount of the recited purchase price ($3,937.50) made out by Robert Crawford payable to Zillah Crawford and drawn on the LaSalle State Bank of Jena. Plaintiff retained the original check from 1973 until it was introduced into evidence at the trial. The check indicates that it was never paid, stamped, can-celled, or negotiated through LaSalle State Bank or any other bank. Obviously, the seller of the property was never paid.
Additionally, plaintiff testified that he was never aware of the sale during his mother’s lifetime and that neither his mother or brother revealed to anyone else in the family that the transaction had been consummated. Even though the deed was dated August 10, 1967, it was not recorded in the public records of Catahoula Parish until *384 August 25,1972, which was two days after the death of Zillah Crawford.
Defendant, Judy Fitzgerald, testified that she received revenues from the property by selling the timber on the land to Willamette Industries for $46,000 and that she sold timber that was not harvested by Willamette to a Mr. Tyler of Center Point, Louisiana for approximately $10,000. Additionally, defendant received lease payments for mineral leases granted on the property.
A simulated sale does not transfer property and it occurs where the parties have no good faith intent to transfer ownership; it is a sham, and as a result, an absolute nullity. Wilson v. Progressive State Bank, 446 So.2d 867 (La.App. 2nd Cir.1984).
Louisiana law allows the plaintiff a presumption where the thing sold remains in the possession of the seller. In this situation, the presumption is that the sale is simulated. La.C.C. art. 2480 provides:
“In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in good faith, and establish the reality of the sale.”
A party whose interest is favored by a presumption established by law need not offer other proof. La.C.C. art. 1850. Whenever the thing sold remains in the possession of the seller, the parties to the transaction must produce proof of good faith and establish the reality of the sale to overcome that presumption. Beatty v. Beatty, 186 So.2d 855 (La.App. 1st Cir. 1966). The presumption must be rebutted by convincing evidence which preponderates in favor of the reality of the sale. Succession of Terral, 312 So.2d 296 (La. 1975).
In the instant situation, it is un-controverted that Mrs. Zillah Crawford remained on the property and retained the use of the property after the purported sale to her son for a period of five years. This fact, by itself, creates a presumption of simulation and shifts the burden to defendant to demonstrate the validity of the transaction which defendant in the instant situation failed to do.
Even in the absence of the presumption arising from the continued possession of the property, the central issue is whether or not the recited consideration in the deed was in fact paid by Robert Crawford. As previously stated, the record reflects that Zillah Crawford never received the $3,957.50 cash consideration recited in the deed. As such, we find that the trial court did not err when it set the transaction aside as a simulation.
Accordingly, for the reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.
AFFIRMED.